**FILED**
**U.S. District Court**
**District of Kansas**
05/14/2026

**Clerk, U.S. District Court**
By: SND Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

BARBARA MARIE FRANTZ,

**Petitioner,**

v.                                                             CASE NO. 26-3090-JWL

JEFF ZMUDA[1],

**Respondent.**

## MEMORANDUM AND ORDER

On April 16, 2026, Petitioner Barbara Marie Frantz, a Kansas prisoner incarcerated at the Topeka Correctional Facility ("TCF") in Topeka, Kansas, began this case by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), a motion for leave to proceed in forma pauperis (Doc. 2), and a motion for appointment of counsel (Doc. 3). The same day, the Court issued a notice of deficiency ("NOD") that advised Petitioner her motion for leave to proceed in forma pauperis was deficient because she had not complied with the requirement that she "submit a certificate executed by an authorized officer of the institution in which . . . she is confined" that "state[s] the amount of money or securities on deposit to [her] credit in any account in the institution." (Doc. 4, p. 1.)

On May 12, 2026, Petitioner filed a second motion for leave to proceed in forma pauperis. (Doc. 6.) From the exhibits attached to the motion, it appears that Petitioner is unable at this time

---

[1] Petitioner has named Kansas Secretary of Corrections Jeff Zmuda as Respondent in this action, but the proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement ... the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Dona Hook, the Warden of Topeka Correctional Facility, where Petitioner currently is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

to obtain the required account certificate and that she has initiated the process to submit the $5.00 filing fee to this Court. Accordingly, the Court will defer ruling on the pending motions to proceed in forma pauperis at this time. If the Court receives payment of the $5.00 filing fee, the motions will be denied as moot. If the Court does not receive payment within a reasonable amount of time, it will issue further orders as necessary.

### Rule 4 Review

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts ("the Habeas Rules") requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases in the United States District Courts, Rule 4, 28 U.S.C.A. foll. § 2254. Rule 1(b) authorizes district courts to apply the Habeas Rules to habeas petitions not brought under § 2254, such as those brought under § 2241. Because Petitioner is proceeding pro se, the Court liberally construes the petition, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

To obtain federal habeas corpus relief, a state prisoner must demonstrate that he or she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 "'[is] used to attack the execution of a sentence . . . ." *Sandusky v. Goetz*, 944 F.3d 1240, 1246 (10th Cir. 2019); *see also Mayes v. Dowling*, 780 Fed. Appx. 599, 601 (10th Cir. 2019) (unpublished) ("In this circuit,

2

a state prisoner may challenge the execution of his state sentence via a § 2241 petition."). It may also be used to seek "to compel the State to bring [a pretrial detainee] to trial." *See Smith v. Crow*, 2022 WL 12165390, at *2 (10th Cir. Oct. 21, 2022) (order denying certificate of appealability) (quoting *Dolack v. Allenbrand*, 548 F.2d 891, 893-94 (10th Cir. 1977)).

The petition in this matter is difficult to understand. Petitioner has used the required, court-approved form for filing a petition under 28 U.S.C. § 2241, but at various points she identifies herself as serving a sentence after being convicted of a crime and as a pretrial detainee. (Doc. 1, p. 1-2.) She refers to being held unlawfully by a district court that lacked subject matter jurisdiction to sentence her, *id.* at 1; civil rights violations under U.S.C. § 1983, *id.* at 2; the breach of fiduciary duty, *id.*; constitutional violations in the criminal prosecution that led to her conviction and during the appeal from that conviction, *id.* at 6; the intentional infliction of emotional distress, *id.* at 7; and newly discovered evidence of fraud, *id.* The four grounds for relief asserted in the petition are similarly broad.

Liberally construed and summarized, Ground One of the petition alleges the violation of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, asserting that Petitioner was denied due process and equal protection, subjected to cruel and unusual punishment, denied emergency medical care, and sexually assaulted by Leavenworth County Sheriff's Officers *Id.* at 6. The supporting facts for Ground One refer to a traumatic brain injury, "misconduct and fraud by defendants," deliberate indifference to long-term medical conditions, and "defendants" being in contempt of court. Similarly, Ground Two asserts the violation of the Fifth and Fourteenth Amendments, specifically a denial of procedural due process and equal protection. *Id.* Ground Two also alleges that the state court lacked subject matter jurisdiction to sentence her and engaged in misconduct because of bias and a desire to protect the Leavenworth County Sheriff. *Id.* As

3

supporting facts for Ground Two, Petitioner alleges that the state district court "by fraud" held that an action Petitioner brought under K.S.A. 60-1501 was moot, delayed the case for 3 years to deprive her of appellate review, committed misconduct with respect to her request to appoint counsel, and failed to produce her for an evidentiary hearing. *Id.*

In Ground Three, Petitioner asserts the violation of the Sixth and Fourteenth Amendments based on a denial of effective assistance of appellate counsel, the denial of procedural due process on appeal, "and exception for moot doctrine [*sic*]." *Id.* As supporting facts for Ground Three, Petitioner alleges that appellate counsel was indifferent and recklessly disregarded facts that would have shown an exception to the mootness doctrine. *Id.* Petitioner again refers in Ground Three to a three-year delay that prejudiced her right to be heard and to access the courts and she broadly alleges a "pattern of corruption for unlawful detainment through concealment." *Id.*

In Ground Four, Petitioner alleges the violation of the Eighth Amendment's prohibition of cruel and unusual punishment and the intentional infliction of emotional distress. *Id.* at 7. As supporting facts for Ground Four, Petitioner asserts that she suffered permanent injury, including "worsening facial disfigurement with lingering death," and that she has experienced the infliction of unnecessary pain and suffering for a long time. *Id.* She further claims the "use of false mental health diagnoses for greater harm for concealment of Plaintiff's worsening medical conditions and false imprisonment for corruption." *Id.* As relief, she seeks her release, the dismissal with prejudice of criminal charges, compensatory and punitive damages, and any other relief that is just. *Id.* at 7. To the petition, Petitioner attached 497 pages of exhibits. (Docs. 1-1 through 1-39.)

**Analysis**

Rule 2(c) of the Habeas Rules provides:

The petition must:

4

(1) specify all the grounds for relief available to the petitioner;

(2) state the facts supporting each ground;

(3) state the relief requested;

(4) be printed, typewritten, or legibly handwritten; and

(5) be signed under penalty of perjury by the petitioner or a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

The United States Supreme Court has explained that "[a] prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the [respondent] should be ordered to 'show cause why the writ should not be granted'" or whether the petition should be summarily dismissed under Rule 4. *See Mayle v. Felix*, 545 U.S. 644, 656 (2005) (citing 28 U.S.C. § 2243). "If the court orders the [respondent] to file an answer, that pleading must 'address the allegations in the petition.'" *Id.* (citing Habeas Rule 5(b)). This requires the allegations to be clear enough that the respondent will be able to address them.

The allegations in the petition now before this Court relate to a broad scope of topics, do not clearly allege a constitutional violation based on specific facts, and do not clearly challenge the execution of a sentence or seek to compel the State to bring Petitioner to trial. The Court is unable to discern the precise claims Petitioner intends to assert in this federal habeas matter, which means the petition fails to comply with Rule 2(c). Moreover, to the extent that Court can understand the petition before it, it fails to state a claim on which relief could be granted under 28 U.S.C. § 2241.

As noted above, a petition for writ of habeas corpus under § 2241 "[is] used to attack the execution of a sentence." *Sandusky*, 944 F.3d at 1246. Even liberally construed, nothing in the petition now before the Court indicates that Petitioner wishes to challenge the execution of her sentence. If Petitioner wishes to challenge the execution of her sentence, she must file a complete

5

and proper amended petition in this matter that clearly states her grounds for relief. Petitioner will be granted time in which to file an amended § 2241 petition that complies with Rule 2(c) and states a ground for relief that could be granted under § 2241.

On the other hand, if Petitioner seeks to challenge the *validity* of a state-court conviction or sentence, she must do so in a petition for writ of habeas corpus under 28 U.S.C. § 2254 instead of 28 U.S.C. § 2241. Section 2254 provides an avenue for a person in custody pursuant to the judgment of a State court to assert in federal court that she "is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254. If Petitioner wishes in this action to challenge the validity of her state-court conviction or sentence, this Court has the authority to recharacterize this case as one brought under 28 U.S.C. § 2254. Thus, instead of filing an amended petition under § 2241 in this case, Petitioner may choose to ask the Court to recharacterize this case as one seeking relief under § 2254.

Before making such a request, however, Petitioner should carefully consider "the potential consequences with respect to any § 2254 claim [s]he may wish to file in the future. AEDPA places strict limitations on second or successive claims. *See* 28 U.S.C. § 2244(b), 2255." *See Davis v. Roberts*, 425 F.3d 830, 834-35 (10th Cir. 2005). If this matter is recharacterized as a § 2254 petition, any future § 2254 petition likely will be subject to the restrictions on second or successive motions.

Moreover, under Local Rule 9.1(a), a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 must be filed on a specific, court-approved form. See D. Kan. Rule 9.1(a). Therefore, if Petitioner decides to proceed in this case under § 2254 and not under § 2241, she must file a written notice to the Court stating this choice, at which time the Court will direct the clerk to send Petitioner the required form and will grant Petitioner time in which to file a § 2254

6

petition under this case number. To be clear, Petitioner may not seek relief under § 2241 and § 2254 in a single case. Therefore, if Petitioner wishes to seek both § 2241 relief and § 2254 relief, she should file an amended § 2241 petition in this matter and should begin a separate case under 28 U.S.C. § 2254.

Finally, the Court notes that the petition now before it appears to seek monetary relief due the alleged violation of Petitioner's civil rights. A civil rights action under 42 U.S.C. § 1983 is the avenue by which a prisoner may challenge unconstitutional conditions of confinement. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). Under Local Rule 9.1(a), however, a prisoner's civil rights complaint seeking relief under 42 U.S.C. § 1983 must be filed on an official form. See D. Kan. Rule 9.1(a). If Petitioner wishes to file a complaint seeking relief under § 1983, the required forms and instructions are available from the clerk's office upon request.

Petitioner is advised, however, that she will be required to begin a new case under § 1983 and will be subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). That provision states that prisoners are generally prohibited from bringing a civil action without prepaying the filing fee in full "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[2]

---

[2]  The Court finds at least three prior civil actions filed by Plaintiff that qualify as "strikes" under § 1915(g). *See Frantz v. Zmuda*, Case No. 24-3068-JWL, Doc. 11 (D. Kan. Oct. 31, 2024); *Frantz v. Kansas*, Case No. 23-3246-JWL, Doc. 27 (D. Kan. Feb. 26, 2024) (dismissed for failure to state a claim), *aff'd* 2024 WL 4212544, *2 (10th Cir. Sept. 17, 2024) (unpublished) (affirming "[f]or substantially the same reasons set forth in the district court's order"),

**Conclusion**

For the reasons explained above, the Court concludes that this matter cannot proceed unless Petitioner files a complete and proper amended petition on the required court-approved form. The Court will therefore grant Petitioner to and including **June 16, 2026** in which to do one of the following: (1) file an amended petition that complies with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts and states only grounds for relief properly brought under 28 U.S.C. § 2241 or (2) file a notice to the Court that she wishes to proceed under 28 U.S.C. § 2254 in this case.

If Petitioner chooses the first option and submits an amended petition under § 2241, it must be on the court-approved forms and must be complete in and of itself. The amended petition may not refer back to the initially filed petition or attempt to incorporate by reference the initial petition or any other filings with this Court. Any grounds for relief not included in the amended petition will not be considered before the Court. However, Petitioner must confine her asserted grounds for relief to those properly brought under 28 U.S.C. § 2241 and she must only attach to the amended petition exhibits that are relevant to those claims.

Petitioner must include the case number of this action (26-3090) on the first page of the amended petition. If Petitioner timely submits an amended § 2241 petition on the appropriate form, the Court will proceed with an initial review of the amended petition. If the amended petition fails to comply with Rule 2(c), this matter will be dismissed without prejudice and without further prior notice to Petitioner.

If Petitioner chooses the second option, she must file, on or before **June 16, 2026**, a notice to the Court that she wishes to proceed in this matter under 28 U.S.C. § 2254, at which time the

---

*cert. denied* 145 S. Ct. 1072 (2025); *Frantz v. Kansas*, Case No. 21-3117-SAC, Doc. 61 (D. Kan. Oct. 4, 2019) (dismissed for failure to state a claim), *aff'd* 2022 WL 113925 (10th Cir. April 14, 2022) (unpublished).

Court will recharacterize this case, will direct the clerk to provide Petitioner with the required forms and instructions for filing a petition in this case under § 2254, and will grant Petitioner time to file the § 2254 petition. If Petitioner fails to timely file either an amended § 2241 petition or a notice informing the Court that she wishes to seek relief in this case under § 2254, this matter may be dismissed without further prior notice to Petitioner for failure to comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts.

**Motion for Appointment of Counsel (Doc. 3)**

The Court has also considered Petitioner's motion for appointment of counsel (Doc. 3.) Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Lomack v. Farris*, 2025 WL 397520, *1 (10th Cir. Feb. 4, 2025) (unpublished) (citing *Finley* and *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008), for the holding that "there is no constitutional right to counsel in habeas proceedings."). Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). This Court may appoint counsel in a federal habeas action if it "determines that the interest of justice so require." *See* 18 U.S.C. § 3006A(a)(2)(B).

The burden is on the applicant to convince the court that there is sufficient merit to her claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting [her] strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). In deciding whether to appoint counsel for Petitioner, the Court has considered "the merits of [her] claims, the nature and complexity of the

factual and legal issues, and [Petitioner's] ability to investigate the facts and present his claims."
*Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115.

The Court concludes that at this preliminary stage of this case, the interest of justice does not require the appointment of counsel. The claims in this case are not yet clear, so the Court is unable to determine the nature and complexity of the involved factual and legal issues. Thus, the motion will be denied without prejudice to refiling if the material circumstances change.

**IT IS THEREFORE ORDERED** that Dona Hook, Warden of Topeka Correctional Facility, where Petitioner currently is confined, is substituted as Respondent in this matter.

**IT IS FURTHER ORDERED** that the motion for appointment of counsel (**Doc. 3**) is **denied without prejudice**. The Court defers ruling on the pending motions to proceed in forma pauperis (Docs. 2 and 6).

**IT IS FURTHER ORDERED** that Petitioner is granted to and including **June 16, 2026**, in which to file either (1) an amended petition that complies with the instructions in this order and clearly states only asserted grounds for relief under 28 U.S.C. § 2241 or (2) a written notice to the Court indicating that Petitioner would like to convert this matter to one seeking relief under 28 U.S.C. § 2254. The clerk is directed to provide to Petitioner the form for filing an amended petition under 28 U.S.C. § 2241.

**IT IS SO ORDERED.**
DATED:   This 14th day of May, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

10