**FILED**
**U.S. District Court**
**District of Kansas**
05/22/2026
**Clerk, U.S. District Court**
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

BARBARA MARIE FRANTZ,

     **Petitioner,**

  v.              **CASE NO. 26-3090-JWL**

DONA HOOK,

     **Respondent.**

**MEMORANDUM AND ORDER**

On April 16, 2026, Petitioner Barbara Marie Frantz, a Kansas prisoner incarcerated at the

Topeka Correctional Facility ("TCF") in Topeka, Kansas, began this case by filing a petition for

writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Her fee status is pending. The Court

reviewed the petition and, on May 14, 2026, issued a memorandum and order ("M&O"). (Doc. 7.)

The M&O explained that the petition failed to comply with Rule 2(c) of the Rules Governing

Section 2254 Cases in the United States District Court ("the Habeas Rules") and that, to the extent

the Court could discern Petitioner's claims, the petition failed to state a claim on which relief could

be granted under 28 U.S.C. § 2241. *Id.* at 4-5. The M&O then addressed the different types of

claims that may be brought under 28 U.S.C. § 2241, 28 U.S.C. § 2254, and 42 U.S.C. § 1983 and

the type of relief available in a federal habeas action. *Id.* at 5-7.

The Court granted Petitioner time to elect how to proceed. The M&O stated that Petitioner

could

> do one of the following: (1) file an amended petition that complies with Rule 2(c)
> of the Rules Governing Section 2254 Cases in the United States District Courts and
> states only grounds for relief properly brought under 28 U.S.C. § 2241 or (2) file a
> notice to the Court that she wishes to proceed under 28 U.S.C. § 2254 in this case.

> If Petitioner chooses the first option and submits an amended petition under

1

§ 2241, it must be on the court-approved forms and must be complete in and of itself. The amended petition may not refer back to the initially filed petition or attempt to incorporate by reference the initial petition or any other filings with this Court. Any grounds for relief not included in the amended petition will not be considered before the Court. However, Petitioner must confine her asserted grounds for relief to those properly brought under 28 U.S.C. § 2241 and she must only attach to the amended petition exhibits that are relevant to those claims.

Petitioner must include the case number of this action (26-3090) on the first page of the amended petition. If Petitioner timely submits an amended § 2241 petition on the appropriate form, the Court will proceed with an initial review of the amended petition. If the amended petition fails to comply with Rule 2(c), this matter will be dismissed without prejudice and without further prior notice to Petitioner.

If Petitioner chooses the second option, she must file, on or before **June 16, 2026**, a notice to the Court that she wishes to proceed in this matter under 28 U.S.C. § 2254, at which time the Court will recharacterize this case, will direct the clerk to provide Petitioner with the required forms and instructions for filing a petition in this case under § 2254, and will grant Petitioner time to file the § 2254 petition.

(Doc. 7, p. 8-9.)

On May 21, 2026, Petitioner filed a written notice stating that she would like to convert this matter to one seeking relief under 28 U.S.C. § 2254. (Doc. 9.) The notice also purported to "assert[] new grounds in addition to grounds 1 [through] 4 filed on April 16, 2026." *Id.* at 1. This attempt at adding grounds for relief is improper. As explained in the M&O, "under Local Rule 9.1(a), a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 must be filed on a specific, court-approved form." (Doc. 7, p. 6.) Thus, as anticipated in the M&O, the Court will direct the clerk to provide Petitioner with the required form on which Petitioner must submit a complete and proper petition seeking relief under § 2254. When the petition is filed, the Court will convert this matter to one under § 2254 and will conduct the required Rule 4 review. *See id.* at 2 (setting out Rule 4 standards of review).

To be clear, Petitioner must submit a § 2254 petition that is complete in and of itself. It may not refer back to the initial § 2241 petition or attempt to incorporate it or any other filing in

this case by reference. When the Court conducts the Rule 4 review of the § 2254 petition, it will do so considering only the information and grounds for relief asserted in that petition. Petitioner should include in the petition only grounds for relief properly asserted under § 2254. (*See* Doc. 7, p. 5-7.) Relatedly, Petitioner is cautioned to carefully consider whether to attach exhibits to her § 2254t petition.

It is clear that federal habeas petitioners are permitted to attach exhibits to a petition. *See* Habeas Rule 4, 28 U.S.C. foll. § 2254 (requiring examination of "the petition and any attached exhibits"). The Court notes that since the initial petition was filed just over one month ago, however, Petitioner has submitted over 900 pages of exhibits in this case through 4 different filings. (Docs. 1-1 through 1-39, 5-1 through 5-4, 8-1 through 8-3, and 9-1 through 9-12.) This is excessive.

Federal courts generally do not accept new evidence or hold evidentiary hearings in proceedings under 28 U.S.C. § 2254. *See Simpson v. Carpenter*, 912 F.3d 542, 575 (10th Cir. 2018) ("Generally speaking, federal habeas review 'is "limited to the record that was before the state court that adjudicated the claim on the merits."' [Citation omitted.]".). Therefore, the parties generally do not submit evidence unless and until they are ordered to do so by the Court. For example, if the Rule 4 review reveals the need for additional evidence, the Court will grant Petitioner time to provide it or will direct Respondent Dona Hook to do so. *See Blacklock v. Schnurr*, 2024 WL 3826120, *1-3 (D. Kan. Aug. 15, 2024) (unpublished) (addressing Rule 4 statute-of-limitations issue that involved the petitioner submitting additional evidence and the respondent submitting relevant state-court records).

Moreover, if this matter survives the Rule 4 screening, the Court will order Respondent to provide the necessary state-court records to the Court. *See* Habeas Rule 5. The Habeas Rules also

3

state that the Court "may direct the parties to expand the record by submitting additional materials relating to the petition," *see* Habeas Rule 7, and that the Court will later "determine whether an evidentiary hearing is warranted," *see* Habeas Rule 8. In light of the nature of habeas cases and the limited record on which most federal habeas cases proceed, there usually is no need to attach extensive exhibits to a § 2254 petition.

"Every paper filed with the Clerk of this Court . . . requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *See Hamilton v. Wyandotte Cnty. Dist. Ct.*, 2025 WL 1707399, *5 (D. Kan. June 18, 2025) (unpublished) (quoting *In re McDonald*, 489 U.S. 180, 184 (1989)). "It is well established that federal district courts possess the power to administer their dockets in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases." *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 985 (10th Cir. 2002) (citation omitted). The Court finds that filing more than 900 pages of exhibits in this federal habeas case is not an efficient use of judicial resources, nor does it promote the interests of justice. Again, Petitioner may attach exhibits to her petition as necessary, but she should limit those exhibits to only those necessary and she should not file free-standing exhibits after she files her petition unless so directed by the Court.

Also before the Court is Petitioner's motion for appointment of counsel. (Doc. 10.) Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Lomack v. Farris*, 2025 WL 397520, *1 (10th Cir. Feb. 4, 2025) (unpublished) (citing *Finley* and *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008), for the holding that "there is no constitutional right to counsel in habeas proceedings."). Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr.*

4

*State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). This Court may appoint counsel in a federal habeas action if it "determines that the interest of justice so require." *See* 18 U.S.C. § 3006A(a)(2)(B).

The burden is on the applicant to convince the court that there is sufficient merit to her claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting [her] strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). In deciding whether to appoint counsel for Petitioner, the Court has considered "the merits of [her] claims, the nature and complexity of the factual and legal issues, and [Petitioner's] ability to investigate the facts and present [her] claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115.

The Court concludes that at this preliminary stage of the proceedings, the interest of justice does not require the appointment of counsel. The precise nature and complexity of the factual and legal issues are not yet developed, as Petitioner has not filed a § 2254 petition. Thus, it remains unclear whether there will be any need to investigate further facts and whether Petitioner will need assistance presenting her claims. The motion therefore will be denied without prejudice. That being said, appointment of counsel may occur at a later date if the action develops in a way that requires counsel. For example, if discovery is authorized in this matter, the Court may reconsider whether appointment of counsel is appropriate. *See* Habeas Rule 6. Similarly, if an evidentiary hearing is warranted, the Court may consider appointment of counsel. *See* Habeas Rule 8.

**IT IS THEREFORE ORDERED** that the motion for appointment of counsel (**Doc. 10**)

is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Petitioner is granted until and including June 24, 2026 to submit a complete and proper petition filed on the required form for petitions seeking relief under 28 U.S.C. § 2254. The clerk is directed to send Petitioner a copy of the § 2254 form and instructions. When Petitioner files the completed petition, this matter will be converted to one seeking relief under 28 U.S.C. § 2254.

**IT IS SO ORDERED.**

DATED:   This 22nd day of May, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

6