**FILED**
**U.S. District Court**
**District of Kansas**
06/03/2026

**Clerk, U.S. District Court**
By:  SND  Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

BARBARA MARIE FRANTZ,

**Petitioner,**

v.                                                        CASE NO. 26-3090-JWL

DONA HOOK,

**Respondent.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

This matter is a pro se petition for writ of habeas corpus by Petitioner Barbara Marie Frantz, a state prisoner incarcerated at Topeka Correctional Facility in Topeka, Kansas. It was initially filed pursuant to 28 U.S.C. § 2241, but at Petitioner's request, it has been converted to one seeking federal habeas relief under 28 U.S.C. § 2254. (*See* Docs. 1 and 9.) It comes now before the Court on Petitioner's § 2254 petition (Doc. 12), her motions for leave to proceed in forma pauperis (Docs. 2 and 6), and her motion for appointment of counsel (Doc. 13).

Petitioner has indicated that she has requested payment of the $5.00 filing fee. (Doc. 2-1.) Thus, the Court will defer ruling on the motions for leave to proceed in forma pauperis, in the anticipation that Kansas Department of Corrections will forward the payment to this Court in a timely manner. The motion for appointment of counsel (Doc. 15) will be denied without prejudice for the reasons set forth below. In addition, Petitioner will be granted time in which to show cause why this matter should not be dismissed so that she may complete the pending state-court proceedings and exhaust the claims she wishes to bring in this federal habeas matter.

**Background**

In July 2018, in the District Court of Leavenworth County, Kansas, a jury convicted Petitioner of first-degree premeditated murder. *See State v. Frantz*, 316 Kan. 708, 709 (2022);

1

(Doc. 12, p. 1-2). The state district court sentenced her to life in prison without the possibility of parole for 25 years. (Doc. 12, p. 1-2.) *See also Frantz*, 316 Kan. at 716. Petitioner appealed and, in an opinion issued on December 30, 2022, the Kansas Supreme Court affirmed her conviction. *Id.* at 709. Petitioner advises that she did not file a petition for writ of certiorari in the United States Supreme Court. (Doc. 12, p. 4.)

In January 2023, Petitioner filed a motion in state district court seeking state habeas relief from her conviction under K.S.A. 60-1507. (Doc. 12-9.) The state district court denied the motion in February 2025. (Doc. 12-1, p. 1.) Petitioner appealed the denial to the Kansas Court of Appeals and the appeal was assigned case number 130,057. (Doc. 12-2, p. 1.) Petitioner advises that the appeal remains pending. (Doc. 12, p. 21.)

On April 16, 2026, Petitioner filed in this Court a petition for writ of habeas corpus on the form for seeking relief under 28 U.S.C. § 2241. (Doc. 1.) The Court reviewed the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("the Habeas Rules"). *See* 28 U.S.C. foll. § 2254; (Doc. 7, p. 2). It concluded that the § 2241 petition failed to comply with Habeas Rule 2(c) and seemed to raise claims and seek relief unavailable under § 2241. (Doc. 7, p. 8.) Thus, on May 14, 2026, the Court issued a memorandum and order granting Petitioner time to either file an amended § 2241 or advise the Court in writing that she wanted to proceed under 28 U.S.C. § 2254. *Id.*

Shortly thereafter, Petitioner filed a motion for appointment of counsel and a notice that she wanted to convert this case into one seeking relief under 28 U.S.C. § 2254. (Docs. 9 and 10.) The Court issued a second memorandum and order denying the motion for appointment of counsel without prejudice, directing the clerk to provide Petitioner with a copy of the required form and instructions for filing at § 2254 petition, and granting Petitioner time to file her § 2254 petition.

(Doc. 11.) On May 28, 2026, Petitioner filed her § 2254 petition, which is now before the Court for the review required by Habeas Rule 4. (Doc. 12.) Also before the Court is Petitioner's second motion for appointment of counsel, filed on June 2, 2026. (Doc. 13.)

## Rule 4 Review

The standards for reviewing a petition under Habeas Rule 4 are set forth in this Court's prior order and will not be repeated here in detail. (*See* Doc. 7, p. 2-3.) The Court notes, however, that it has liberally construed the pro se petition now before it, but it does not act as Petitioner's advocate or construct arguments on her behalf. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Under Rule 4, the petition must be dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

## The § 2254 Petition (Doc. 12)

The petition now before the Court asserts eight grounds for relief under 28 U.S.C. § 2254. (Doc. 12, p. 7-21.) The Court will not address the grounds in detail, but provides a general summary here. In Ground One, Petitioner argues the violation of her due process rights under the Fifth and Fourteenth Amendments to the United States Constitution and her equal protection rights under the Fourteenth Amendment, based on newly discovered evidence of a confession. *Id.* at 7. In Ground Two, Petitioner asserts a violation of her due process rights under the Fifth and Fourteenth Amendments and her right to a fair trial, citing *Brady v. Maryland*, 373 U.S. 83 (1963). (Doc. 12, p. 9.)

In Ground Three, Petitioner again asserts the violation of her constitutional due process rights, as well as asserting that her arrest was illegal because the arrest warrant was based on an "illegal probable cause affidavit" created in bad faith by police and the prosecution. *Id.* at 10.

3

In Ground Four, Petitioner alleges the violation of her rights under the Confrontation Clause of the Sixth Amendment, based on the admission at trial of video footage showing a police officer and bystanders questioning the victim at the scene of the shooting. (Doc. 12, p. 12.) Ground Five focuses on ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments and includes claims of ineffective assistance from trial counsel, post-trial counsel, direct-appeal counsel, and state habeas counsel. *Id.* at 14. In Ground Six, Petitioner asserts the "denial of procedural due process of law and Equal Protection Clause for trial, post[-]trial, appellate direct appeal, and state habeas relief." *Id.* at 16.

In Ground Seven, Petitioner asserts the violation of her rights under the Sixth and Fourteenth Amendments based on the involuntary administration of antipsychotic drugs while she was a pretrial detainee. (Doc. 12, p. 17.) In Ground Eight, Petitioner asserts the violation of her due process rights under the Fourteenth Amendment based on allegations that she was punished—via physical and sexual assaults—while she was a pretrial detainee and that the punishment led to permanent injury. *Id.* at 19. As relief, Petitioner seeks an order directing her release without the possibility of retrial. *Id.* at 24. To her petition, Petitioner has attached 364 pages of exhibits. (Docs. 12-1 through 12-17.)

### Discussion

"'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1553 (10th Cir. 1994)). Generally speaking, a state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. See 28 U.S.C. § 2254(b)(1); *see also Bland v. Simmons*, 459 F.3d 999, 1011

(10th Cir. 2006). The exhaustion requirement exists to "give state courts a fair opportunity to act on [his] claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). Petitioner bears the burden to show she has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020). To satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the Kansas appellate courts, which must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a) ("In all appeals from criminal convictions or post-conviction relief on or after July 1, 2018, . . . when a claim has been presented to the Court of Appeals and relief has been denied, the party is deemed to have exhausted all available state remedies.").

For purposes of this initial Habeas Rule 4 review only, the Court concludes that some of the grounds in the petition, such as Grounds Two and Three, appear to have been exhausted in Petitioner's direct appeal. It is equally clear, however, that other grounds for relief asserted in the petition are not yet exhausted. For example, Ground Five alleges the ineffective assistance of trial counsel, post-trial counsel, direct-appeal counsel, and state habeas counsel.[1] (Doc. 12, p. 14.)

Petitioner advises that she raised the arguments now in Ground Five in the K.S.A. 60-1507 motion she filed in 2023. *Id.* at 15. But, as noted above, the appeal from the denial of that motion remains pending in the Kansas Court of Appeals.[2] Thus, the claims in Ground Five are not yet exhausted, even if some other claims of ineffective assistance were raised in already concluded proceedings. The Tenth Circuit has held that when a petitioner raises a claim of ineffective

---

[1] The Court notes that as a matter of law, the ineffective assistance of counsel during Petitioner's K.S.A. 60-1507 proceedings cannot lead to federal habeas relief in this case. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

[2] As of the date of this order, the records of the Kansas Court of Appeals reflect that Petitioner's brief is due on or before June 12, 2026.

assistance of counsel in the state court but "based it on different reasons than those expressed in [her federal] habeas petition," the bases which were not alleged in the state court have not been exhausted. *See Smallwood v. Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999).

Because some of the grounds asserted in the petition are exhausted and some are not, this is a "mixed petition." When a federal court is faced with a mixed petition and state-court remedies are still available for the unexhausted claims, the federal court generally should dismiss the matter "without prejudice so that the petitioner can pursue available state-court remedies." *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018) (internal citations and quotation marks omitted). Thus, Petitioner will be granted time to show cause, in writing, why this case should not be dismissed without prejudice so that Petitioner may finish exhausting available state-court remedies.

Dismissal of this action without prejudice will not necessarily prevent Petitioner from filing a new federal habeas action after the conclusion of her K.S.A. 60-1507 proceedings in the Kansas state courts. A dismissal "without prejudice" is a "dismissal without barring the [petitioner] from returning later, to the same court, with the same underlying claim." *See Styskal v. Weld County Bd. of County Com'rs*, 365 F.3d 855, 858 (10th Cir. 2004) (internal quotation marks omitted) (quoting *Semtek Intl. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001)). Thus, the dismissal of this case without prejudice would not, by itself, preclude Petitioner from returning to this Court and filing a § 2254 petition after she exhausts state-court remedies and concludes the 60-1507 appeal in state court.

Petitioner is cautioned, however, that she will be required to comply with other rules regarding any future § 2254 petition, including the exhaustion requirement and the applicable statute of limitations. Federal habeas actions brought under 28 U.S.C. § 2254 are subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of

6

1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The Court has considered the statute of limitations as it applies to this matter and finds that it does not weigh against dismissal without prejudice.

The one-year limitation period generally runs from the date the judgment becomes "final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see also Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). The United States Supreme Court has held that "direct review" concludes when the availability of direct appeal to the state courts and request for review to the Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). As noted above, the Kansas Supreme Court affirmed Petitioner's conviction in an opinion issued on December 30, 2022. Since Petitioner did not file a petition for writ of certiorari, direct review of Petitioner's convictions concluded on approximately March 30, 2023, when the 90-day period in which she could file a petition for writ of certiorari expired. *See* Sup. Cr. R. 13(1) (allowing 90 days); *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003) (holding that "if a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his or her] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires").

But Petitioner filed her K.S.A. 60-1507 motion in January 2023, well before the time for filing a petition for writ of certiorari expired. Under the statutory tolling provision of the AEDPA statute of limitations, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Thus, by filing her K.S.A. 60-1507 motion before her direct review became final, Petitioner

effectively kept the federal habeas statute of limitations from starting to run.

This means that the one-year AEDPA statute of limitations will not begin to run until Petitioner's current state-court appeal is final. It appears well within Petitioner's ability to initiate a new federal habeas case within that year by filing a petition for relief under 28 U.S.C. § 2254. Thus, the Court is inclined to dismiss this case without prejudice to refiling after Petitioner exhausts her state-court remedies.

### Motion for Appointment of Counsel (Doc. 13)

Also before the Court is Petitioner's second motion for appointment of counsel, which the Court has carefully considered. (Doc. 13.) As Petitioner is aware, she has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Lomack v. Farris*, 2025 WL 397520, *1 (10th Cir. Feb. 4, 2025) (unpublished) (citing *Finley* and *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008), for the holding that "there is no constitutional right to counsel in habeas proceedings."). Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). This Court may appoint counsel in a federal habeas action if it "determines that the interest of justice so require." *See* 18 U.S.C. § 3006A(a)(2)(B).

The Court concludes that at this point, the interest of justice does not require appointment of counsel for Petitioner. As set forth above, this matter is subject to dismissal without prejudice because it contains both exhausted and unexhausted grounds for relief and at least some of the currently unexhausted grounds may be exhausted through an appeal currently pending before the Kansas Court of Appeals.

**IT IS THEREFORE ORDERED** that the motion for appointment of counsel (**Doc. 13**)

is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Petitioner is granted until and including **July 7, 2026**, to submit a single written response to this order that shows cause why this matter should not be dismissed without prejudice so that Petitioner may exhaust available state-court remedies. If Petitioner fails to timely file a written response, this matter will be dismissed without further prior notice to her.

**IT IS SO ORDERED.**

DATED:   This 3rd day of June, 2026, at Kansas City, Kansas.


S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

9