**FILED**
**U.S. District Court**
**District of Kansas**
06/16/2026

**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**BARBARA MARIE FRANTZ,**

**Petitioner,**

v.                                                              **CASE NO. 26-3090-JWL**

**DONA HOOK,**

**Respondent.**

**MEMORANDUM AND ORDER**

This matter is a pro se petition for writ of habeas corpus that was initially filed pursuant to 28 U.S.C. § 2241 by Petitioner Barbara Marie Frantz, a state prisoner incarcerated at Topeka Correctional Facility in Topeka, Kansas. At Petitioner's request, this matter has been converted to one seeking federal habeas relief under 28 U.S.C. § 2254. It comes now before the Court on Petitioner's response (Doc. 15) to the Court's memorandum and order to show cause (Doc. 14) regarding exhaustion and Petitioner's motion for appointment of counsel (Doc. 16). For the reasons explained below, this matter will be dismissed without prejudice to refiling after Petitioner exhausts available state-court remedies. The pending motions for leave to proceed in forma pauperis (Docs. 2 and 6) and for appointment of counsel (Doc. 16) will be denied as moot.

**Background**

In July 2018, in the District Court of Leavenworth County, Kansas, a jury convicted Petitioner of first-degree premeditated murder. *See State v. Frantz*, 316 Kan. 708, 709 (2022); (Doc. 12, p. 1-2). The state district court sentenced her to life in prison without the possibility of parole for 25 years. (Doc. 12, p. 1-2.) *See also Frantz*, 316 Kan. at 716. Petitioner appealed and, in December 2022, the Kansas Supreme Court affirmed. *Id.* at 709. Petitioner did not file a petition for writ of certiorari in the United States Supreme Court. (Doc. 12, p. 4.)

1

In January 2023, Petitioner began a case seeking state habeas relief from her conviction under K.S.A. 60-1507. (Doc. 12-9.) The state district court denied the K.S.A. 60-1507 motion in February 2025. (Doc. 12-1, p. 1.) Petitioner appealed the denial to the Kansas Court of Appeals and the appeal was assigned case number 130,057. (Doc. 12-2, p. 1.) The appeal remains pending and is referred to in this order as the K.S.A. 60-1507 appeal.

On April 16, 2026, Petitioner filed in this Court a petition for writ of habeas corpus on the form for seeking relief under 28 U.S.C. § 2241. (Doc. 1.) Petitioner chose to convert this case into one seeking relief under 28 U.S.C. § 2254 (*see* Doc. 9) and she filed the controlling § 2254 petition (Doc. 12) on May 28, 2026. The Court reviewed the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and, on June 3, 2026, issued a memorandum and order to show cause ("MOSC"). (Doc. 14.)

The MOSC identified the standards for the Rule 4 review and explained that although some of the grounds for federal habeas relief Petitioner asserts appear fully exhausted, others are not. *Id.* at p. 1-5. The currently unexhausted claims, however, could be raised to the Kansas Court of Appeals in the pending K.S.A. 60-1507 appeal. *Id.* at 5. The MOSC further explained that when this Court is faced with a mixed federal habeas petition—one that contains both exhausted grounds and unexhausted grounds that can still be exhausted in state court—it generally should dismiss the petition without prejudice so that the petitioner can exhaust the unexhausted grounds. *Id.* at 6. The Court was inclined to do so in this case, but granted Petitioner time to show cause, in writing, why this case should not be dismissed without prejudice. *Id.* at 6, 8. Petitioner promptly filed her response to the MOSC on June 9, 2026. (Doc. 15.)

## Discussion

Petitioner's response to the MOSC is not always easily understandable, but the Court has

2

liberally construed it since Petitioner proceeds pro se and will attempt to address all of Petitioner's arguments. For ease of understanding, the Court will address them in a different order than Petitioner presents them in her response.

Petitioner asserts that she has given the state courts an opportunity—in her direct appeal— to act on her claims before she brought them in this federal habeas action. (Doc. 15, p. 4.) To a limited extent, the Court agrees. As acknowledged in the MOSC, for example, Grounds Two and Three of the petition "appear to have been exhausted in Petitioner's direct appeal." (Doc. 14, p. 5.) As also set out in the MOSC, however, the current petition asserts other grounds which are not yet exhausted but which might be exhausted in the K.S.A. 60-1507 appeal. *Id.* at 5-6. The question now before this Court is whether it should dismiss the current federal habeas case without prejudice so that Petitioner may complete exhaustion of the currently unexhausted grounds. The fact that some of the grounds in the current petition are exhausted does not affect that decision.

Petitioner's response to the MOSC also argues that this Court should excuse her from the exhaustion requirement because the available state process is defective, it is ineffective to protect her federal rights, and exhaustion would be futile because there is no adequate remedy available. (Doc. 15, p. 1, 3-5.) A federal court can excuse a lack of exhaustion "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

Petitioner bases her assertion of deficient state process on "undue delays" in those proceedings, noting that her state habeas case has been pending for more than 2 years without a final resolution. (Doc. 15, p. 1.) Petitioner further generally alleges a "state[] pattern to deprive [her of] effective counsel through corruption of administration of justice" and states that her state-appointed appellate counsel has failed to file a brief in the ongoing appeal, thereby "defaulting"

briefing. *Id.* Even liberally construing the pro se response to the MOSC, Petitioner provides no other specific explanation of how the available state corrective process is so deficient that it renders futile her efforts to obtain relief.

The Tenth Circuit has recognized that the passage of "inordinate time" without progress in a state-court appeal may render state remedies "ineffective" and allow a federal habeas petitioner to avoid the exhaustion requirement. *See Hill v. Reynolds*, 942 F.2d 1494, 1497-98 (10th Cir. 1991). In *Hill*, despite the state prisoner's multiple requests to expedite his state-court appeal, his state-court appellate counsel did not file the appellate brief until 2 years and 9 months after the notice of appeal was filed and counsel was appointed. *Id.* at 1495. At the time the Tenth Circuit issued its opinion regarding exhaustion, 3 years and 4 months after the notice of appeal was filed in state court, the state court appeal was still pending. *Id.*

In contrast, Petitioner filed her K.S.A. 60-1507 motion in state district court in January 2023, just over 3 years ago. (Doc. 12-9.) The motion was denied in February 2025. (Doc. 12-1, p. 1.) The publicly available records of the District Court of Leavenworth County, Kansas reflect that notice of appeal was filed on February 19, 2025 and the state district court first appointed appellate counsel on March 4, 2025. *See Frantz v. State*, Case No. LV-2023-CV-000029, available at https://casesearch.kscourts.gov, last accessed June 16, 2026. It appears that the first two attorneys appointed had conflicts of interest and Petitioner's current state-court appellate counsel was appointed in November 2025. *Id.*

Petitioner's appeal was docketed in January 2026 and has been pending for less than 6 months. Simply put, this is not the type of delay that renders attempts at exhaustion futile. Petitioner has not established that she should be excused from exhausting the currently unexhausted grounds for federal habeas relief because the available state-court remedies are

4

deficient or fail to protect her federal rights.

In her response to the MOSC, Petitioner also asks the Court to apply the exceptions to the exhaustion requirement that are available when a claim is procedurally defaulted. (Doc. 15, p. 1-6.) Procedural default of a claim occurs "[w]hen a state court dismisses a federal claim on the basis of noncompliance with adequate and independent state procedural rules . . . ." *Banks v. Workman*, 692 F.3d 1133, 1144 (10th Cir. 2012). Generally speaking, federal habeas courts cannot consider the merits of a procedurally defaulted claim unless the petitioner demonstrates (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law" or (2) "that failure to consider the claim[] will result in a fundamental miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

The unexhausted grounds for relief in this case are not procedurally defaulted. The state courts did not dismiss these grounds for failure to comply with an adequate and independent state procedural rule. In fact, the information currently before this Court indicate the potential for these grounds to be raised—and thereby exhausted—in the K.S.A. 60-1507 appeal. Thus, Petitioner's extensive arguments regarding procedurally defaulted claims are not persuasive and will not be discussed further.

Petitioner also argues the merits of her underlying grounds for federal habeas relief. (Doc. 15, p. 2-6.) She alleges that her civil rights were violated during her pretrial detention. *Id.* at 2-3. And she asserts that she has complied with Rule 8 of the Federal Rules of Civil Procedure. *Id.* at 6. Even liberally construed, none of these arguments are relevant to the limited question currently before the Court: whether this case should be dismissed without prejudice because the operative petition is a mixed petition. Therefore, they are not addressed further in this order.

## Conclusion

For all of the reasons set forth above, the Court concludes that Petitioner has failed to show good cause why this case should not be dismissed without prejudice so that she may exhaust available state court remedies. Because the case will be dismissed[1], the currently pending motions for leave to proceed in forma pauperis and for the appointment of counsel will be denied as moot.

## Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant." *See* 28 U.S.C.A. foll. § 2254. The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this case is **dismissed without prejudice** so that

---

[1] The Court emphasizes to Petitioner that the dismissal is *without* prejudice, meaning that this dismissal will not prevent her from filing a petition for federal habeas relief under § 2254 after the K.S.A. 60-1507 case is final. Petitioner must, however, comply with requirements for filing such a petition, including doing so within the applicable statute of limitations. (*See* Doc. 14, p. 6-8.)

Petitioner may exhaust available state-court remedies. The pending motions for leave to proceed in forma pauperis (**Docs. 2 and 6**) and for appointment of counsel (**Doc. 16**) are therefore **denied as moot**. No certificate of appealability will issue.

       **IT IS SO ORDERED.**

       DATED:   This 16th day of June, 2026, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
United States District Judge